# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

         v.      :      No. 3:20 CR 180

                           :

BRIAN LARRY, and      :
JASON PANNONE,      :
               Defendants      :

**FILED
SCRANTON**

JUL 2 8 2020

PER _____
DEPUTY CLERK

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
### Wire and Mail Fraud Conspiracy
### 18 U.S.C. § 1349

I.    **Background**

At times material to the Indictment:

1.    Corporation #1 was an automobile warranty company located in Wilkes-Barre, Pennsylvania, within the Middle District of Pennsylvania.   Corporation #1 and its authorized dealers sold, among other things, warranty insurance policies for used automobiles.

2.    Defendant BRIAN LARRY was a claims adjuster and claims manager for Corporation #1.   BRIAN LARRY's responsibilities included reviewing and approving claims submitted on warranty

insurance policies issued by Corporation #1, and arranging for automobile inspectors to verify the necessity of automobile repair claims submitted to Corporation #1.

3.   Village Motors ("Village") was a business located in Providence, Rhode Island.   Village provided, among other things, repair services for damaged automobiles.

4.   Platinum Auto Services ("Platinum") was a business located in Providence, Rhode Island.   Platinum provided, among other things, automobile detailing services.

5.   Ultra Auto Center ("Ultra") was a business located in North Attleboro, Massachusetts.   Ultra provided, among other things, automobile sales and repair services for damaged automobiles.

6.   Defendant JASON PANNONE was an employee at Village, the owner and operator of Platinum, and an employee at Ultra.

7.   A Plus Collision Center LLC ("A Plus") was a business located in Providence, Rhode Island.   A Plus provided, among other things, collision repair services for damaged automobiles.

8.    Matthew Gershkoff was an employee and service manager at Village, a claims appraiser for A Plus, and an employee of various automobile dealerships.

9.    Corporation #2 was a business located in Dalton, Pennsylvania, within the Middle District of Pennsylvania.

10.    The warranty insurance policies sold by Corporation #1 permitted policyholders to obtain automobile repairs at automobile repair businesses across the nation, including Village, Platinum, A Plus, Ultra, and Corporation #2.    Upon receiving and approving claims for automobile repair services covered by Corporation #1's warranty insurance policies, Corporation #1 paid the automobile repair business directly, by way of a credit card account maintained by Corporation #1 at a financial institution.

## II.    Statutory Allegation

11.    From on or about January 8, 2014 through on or about October 2, 2018, in the Middle District of Pennsylvania, and elsewhere, the defendants,

BRIAN LARRY and

JASON PANNONE,

knowingly and unlawfully combined, conspired, confederated and

agreed together and with other persons known and unknown to the

Grand Jury, to knowingly devise, and intend to devise, a scheme and

artifice to defraud Corporation #1, and to obtain money and property by

means of materially false and fraudulent pretenses, representations

and promises, and for the purpose of executing the scheme and artifice

to defraud, and attempting to do so, transmitted and caused to be

transmitted by means of wire communication in interstate commerce

writings, signs, signals, pictures and sounds, in violation of Title 18,

United States Code, Section 1343, and knowingly took and received

from an authorized depository for mail matter any matter or thing, in

violation of Title 18, United States Code, Section 1341.

## III.   Manner and Means

The conspiracy was accomplished, in part, by the following

manner and means:

12.   BRIAN LARRY, JASON PANNONE, and their

coconspirators prepared and caused to be prepared invoices that stated

falsely that Village, Platinum, A Plus, Ultra, and Corporation #2 would

perform certain automobile repair services listed in the invoices, for

policyholders of Corporation #1.   BRIAN LARRY provided the

information about the policyholders of Corporation #1 necessary to

prepare the invoices, to JASON PANNONE and their coconspirators.

13.   BRIAN LARRY, JASON PANNONE, and their

coconspirators prepared and caused to be prepared verification forms

that stated falsely that Village, Platinum, A Plus, Ultra, and

Corporation #2 had completed the automobile repair services listed in

the invoices, for policyholders of Corporation #1, when in fact

policyholders of Corporation #1 had not requested repair services from

Village, Platinum, A Plus, Ultra, and Corporation #2, and repair

services were not in fact performed.

14.   BRIAN LARRY, JASON PANNONE, and their

coconspirators, knowing that the invoices and verification forms

contained false representations, sent and caused to be sent the invoices

and verification forms to Corporation #1 by facsimile, across state lines

from Rhode Island to Pennsylvania, and from Massachusetts to

Pennsylvania, to seek payment of the invoices pursuant to warranty insurance policies issued by Corporation #1.   The invoices and verification forms bore the forged signatures of the policyholders of the warranty insurance policies issued by Corporation #1.

15.   BRIAN LARRY approved payment of the forged and fraudulent invoices pursuant to warranty insurance policies issued by Corporation #1, knowing that the policyholders of Corporation #1 had not requested repair services from Village, Platinum, A Plus, Ultra, and Corporation #2, knowing that no repair services were in fact performed by Village, Platinum, A Plus, Ultra, and Corporation #2, and knowing that the invoices and verification forms faxed to Corporation #1 from Village, Platinum, A Plus, Ultra, and Corporation #2 contained false representations and forged signatures.

16.   BRIAN LARRY approved payment of the forged and fraudulent invoices pursuant to warranty insurance policies issued by Corporation #1, without arranging for automobile inspectors to verify the necessity of those repair claims, to avoid detection of the scheme.

17.    BRIAN LARRY, JASON PANNONE, and their coconspirators caused Corporation #1 to pay the false invoices by wires from the credit card account maintained by Corporation #1 at a financial institution, to accounts maintained by Village, Platinum, A Plus, Ultra, and Corporation #2 at financial institutions.

18.    Coconspirators of BRIAN LARRY withdrew, in cash, funds paid by Corporation #1 to Village, A Plus, Platinum, and Ultra, in satisfaction of the false invoices.   The proceeds of the scheme to defraud were divided between BRIAN LARRY, JASON PANNONE, and their coconspirators.

19.    In exchange for approving payment of the forged and fraudulent invoices pursuant to warranty insurance policies issued by Corporation #1, BRIAN LARRY received cash kickbacks and other things of value.   Coconspirators mailed and caused to be mailed certain cash kickbacks to BRIAN LARRY's residence in the Middle District of Pennsylvania.

20.    Between on or about January 8, 2014 through on or about October 2, 2018, BRIAN LARRY, JASON PANNONE, and their

coconspirators obtained in excess of $400,000 from Corporation #1,

through the scheme to defraud.

All in violation of Title 18, United States Code, Section 1349.

## THE GRAND JURY FURTHER CHARGES:

COUNT 2
**Wire Fraud**
**18 U.S.C. § 1343**

21.    The factual allegations in paragraphs 1 through 10 and 12 through 20 are incorporated here.

22.    On or about September 25, 2015, in the Middle District of Pennsylvania and elsewhere, the defendant,

BRIAN LARRY,

having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the above-described scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds; namely, a facsimile from Village to Company #1, seeking payment of an invoice for $2,774.77.

In violation of Title 18, United States Code, Section 1343.

## THE GRAND JURY FURTHER CHARGES:

<u>COUNT 3</u>
### Aggravated Identify Theft
### 18 U.S.C. § 1028A

23.    The factual allegations in paragraphs 1 through 10 and 12

through 20 are incorporated here.

24.    On or about September 25, 2015, in the Middle District of

Pennsylvania, and elsewhere, the defendant,

### BRIAN LARRY,

aiding and abetting others, knowingly transferred, possessed, and used,

without lawful authority, a means of identification of another person

during and in relation to a felony violation enumerated in Title 18,

United States Code, Section 1028A(c), namely wire fraud and wire and

mail fraud conspiracy, in violation of Title 18, United States Code,

Sections 1343 and 1349, knowing that the means of identification

belonged to another actual person known to the Grand Jury as D.R.

All in violation of Title 18, United States Code, Sections 2 and

1028A(a)(1).

# THE GRAND JURY FURTHER CHARGES:

## COUNT 4
### Wire Fraud
### 18 U.S.C. § 1343

25.    The factual allegations in paragraphs 1 through 10 and 12 through 20 are incorporated here.

26.    On or about May 19, 2016, in the Middle District of Pennsylvania and elsewhere, the defendants,

BRIAN LARRY and
JASON PANNONE,

having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the above-described scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds; namely, a facsimile from Platinum to Company #1, seeking payment of an invoice for $3,027.

In violation of Title 18, United States Code, Section 1343.

11

THE GRAND JURY FURTHER CHARGES:

COUNT 5
**Aggravated Identify Theft**
**18 U.S.C. § 1028A**

27.    The factual allegations in paragraphs 1 through 10 and 12

through 20 are incorporated here.

28.    On or about May 19, 2016, in the Middle District of

Pennsylvania, and elsewhere, the defendants,

BRIAN LARRY and
JASON PANNONE,

aiding and abetting others and each other, knowingly transferred,

possessed, and used, without lawful authority, a means of identification

of another person during and in relation to a felony violation

enumerated in Title 18, United States Code, Section 1028A(c), namely

wire fraud and wire and mail fraud conspiracy, in violation of Title 18,

United States Code, Sections 1343 and 1349, knowing that the means of

identification belonged to another actual person known to the Grand

Jury as S.M.

All in violation of Title 18, United States Code, Sections 2 and 1028A(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 6</u>
**Wire Fraud**
**18 U.S.C. § 1343**

29.    The factual allegations in paragraphs 1 through 10 and 12 through 20 are incorporated here.

30.    On or about November 21, 2017, in the Middle District of Pennsylvania and elsewhere, the defendant,

**BRIAN LARRY,**

having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the above-described scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds; namely, a facsimile from A Plus to Company #1, seeking payment of an invoice for $1,900.

13

In violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES:**

COUNT 7
**Aggravated Identify Theft**
**18 U.S.C. § 1028A**

31.    The factual allegations in paragraphs 1 through 10 and 12 through 20 are incorporated here.

32.    On or about November 21, 2017, in the Middle District of Pennsylvania, and elsewhere, the defendant,

BRIAN LARRY,

aiding and abetting others, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely wire fraud and wire and mail fraud conspiracy, in violation of Title 18, United States Code, Sections 1343 and 1349, knowing that the means of identification belonged to another actual person known to the Grand Jury as L.S.

All in violation of Title 18, United States Code, Sections 2 and 1028A(a)(1).

14

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 8</u>
**Aggravated Identify Theft**
**18 U.S.C. § 1028A**

33.   The factual allegations in paragraphs 1 through 10 and 12 through 20 are incorporated here.

34.   On or about December 14, 2017, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**BRIAN LARRY,**

aiding and abetting others, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely wire and mail fraud conspiracy, in violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to another actual person known to the Grand Jury as W.J.

All in violation of Title 18, United States Code, Sections 2 and 1028A(a)(1).

THE GRAND JURY FURTHER CHARGES:

COUNT 9
Wire Fraud
18 U.S.C. § 1343

35.   The factual allegations in paragraphs 1 through 10 and 12

through 20 are incorporated here.

36.   On or about October 2, 2018, in the Middle District of

Pennsylvania and elsewhere, the defendants,

BRIAN LARRY and
JASON PANNONE,

having devised and intended to devise the above-described scheme and

artifice to defraud and to obtain money and property by means of

materially false and fraudulent pretenses, representations, and

promises, and for the purpose of executing the above-described scheme

and artifice to defraud, transmitted and caused to be transmitted by

means of wire communication in interstate commerce certain writings,

signs, signals, pictures, and sounds; namely, a facsimile from Ultra to

Company #1, seeking payment of an invoice for $2,063.83.

In violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 10</u>
**Aggravated Identify Theft**
**18 U.S.C. § 1028A**

37.    The factual allegations in paragraphs 1 through 10 and 12

through 20 are incorporated here.

38.    On or about October 2, 2018, in the Middle District of

Pennsylvania, and elsewhere, the defendants,

BRIAN LARRY and
JASON PANNONE,

aiding and abetting others and each other, knowingly transferred,

possessed, and used, without lawful authority, a means of identification

of another person during and in relation to a felony violation

enumerated in Title 18, United States Code, Section 1028A(c), namely

wire fraud and wire and mail fraud conspiracy, in violation of Title 18,

United States Code, Sections 1343 and 1349, knowing that the means of

identification belonged to another actual person known to the Grand

Jury as W.S.

All in violation of Title 18, United States Code, Sections 2 and 1028A(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

COUNTS 11 AND 12
**Mail Fraud**
**18 U.S.C. § 1341**

39.    The factual allegations in paragraphs 1 through 10 and 12 through 20 are incorporated here.

40.    From on or about January 8, 2014 through on or about October 2, 2018, in the Middle District of Pennsylvania and elsewhere, the defendant,

BRIAN LARRY,

with the intent to defraud, knowingly devised the above-described scheme and artifice to defraud and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly took and received from an authorized depository for mail the following matters, with each being a separate count:

| Count | Date of Mailing | Sender | Date of Receipt | Recipient | Description |
|---|---|---|---|---|---|
| 11 | On or about January 6, 2017 | Matthew Gershkoff, East Providence, Rhode Island | On or about January 7, 2017 | Brian Larry, Wilkes-Barre, Pennsylvania | U.S. Postal Service Priority Mail Express |
| 12 | On or about May 8, 2017 | Matthew Gershkoff, North Providence, Rhode Island | On or about May 9, 2017 | Brian Larry, Wilkes-Barre, Pennsylvania | U.S. Postal Service Priority Mail Express |

All in violation of Title 18, United States Code, Section 1341.

THE GRAND JURY FURTHER CHARGES:

COUNT 13
False Statement
18 U.S.C. § 1001

41.    The factual allegations in paragraphs 1 through 10 and 12

through 20 are incorporated here.

42.    On or about April 9, 2019, in Lackawanna County, within in

the Middle District of Pennsylvania, the defendant,

BRIAN LARRY,

did willfully and knowingly make a materially false, fictitious, and

fraudulent statement and representation in a matter within the

jurisdiction of the executive branch of the Government of the United

States, by stating and representing to special agents of the Federal

Bureau of Investigation that BRIAN LARRY never received cash or

things of value from Matthew Gershkoff in exchange for approving

payment of invoices submitted by Matthew Gershkoff pursuant to

warranty insurance policies issued by Corporation #1.

43.    The statements and representations were false because, as

BRIAN LARRY then and there knew, Matthew Gershkoff provided cash

20

and things of value to BRIAN LARRY in exchange for approving

payment of forged and fraudulent invoices submitted by Matthew

Gershkoff and other coconspirators pursuant to warranty insurance

policies issued by Corporation #1.

In violation of Title 18, United States Code, Section 1001(a)(2).


A TRUE BILL

DAVID J. FREED
United States Attorney

By:

PHILLIP J. CARABALLO
Assistant United States Attorney

Date: 7-28-20